

# PRACTICE REPORTS.

## SUPREME COURT.

IN THE MATTER of the application of WILLIAM CHAMBER-
LAIN and others.

Where a judgment is recovered against a *sheriff for an escape*, and the sheriff has
procured a *stay of proceedings* on the judgment under the statute (2 *R. S.* 436,
§ 59), until final judgment and execution in an action which he has prosecuted
on the bond for the jail limits given to him by the defendant who has escaped,
it is not competent to sue the sheriff's *official bond*, to obtain satisfaction of the
judgment against him during such stay.

*Orange General Term, September*, 1864.
*Before* BROWN, SCRUGHAM, LOTT *and* BARNARD, *Justices.*

APPEAL from an order entered on application for leave
to prosecute the official bond of Anthony F. Campbell,
sheriff of Kings county.

P. S. CROOKE, *for sheriff, appellant.*
JOHN SESSIONS, *for relators, respondent.*

By the court, LOTT, J. The relators having recovered
a judgment against the sheriff of Kings county, for the
escape of a judgment debtor committed to his custody,
applied *ex parte* to the supreme court at special term, for
leave to prosecute the official bond of the sheriff. The
application was founded on a certified copy of the said bond,
accompanied by proof showing the recovery of such judg-
ment, and that no satisfaction of the same had been
received, and thereupon the court ordered that the bond be
prosecuted. The sheriff then applied to have said order
vacated, alleging and showing that after the said judgment
had been rendered against him, the court had by rule stayed

all proceedings thereon until final judgment should be rendered in a suit which had been commenced by the sheriff against the sureties on the bond for the limits given to him, and if such judgment should be in favor of the sheriff, until the return of an execution thereon, but not to exceed sixty days. Such stay was in full force when the order authorising the prosecution of the said bond was obtained. The court denied the motion to vacate the said order, and in the rule entered it is stated that it was " denied as a matter of law and not of discretion."

From that rule the sheriff has appealed, and the question presented thereon for our decision is, whether the relators on the facts disclosed on the last motion were entitled to prosecute such bond.

The application was made and granted under the following provisions of the Revised Statutes ( *Vol.* 2, *p.* 476) :

" § 1. Whenever a sheriff shall have become liable for the escape of any prisoner committed to his custody, or whenever he shall have been guilty of any default or misconduct in his office, the party injured thereby may apply to the supreme court for leave to prosecute the official bond of such sheriff.

" § 2. Such application shall be accompanied by proof of the default or delinquency complained of, and that no satisfaction for the same has been received, and by a certified copy of such official bond.

" § 3. Upon such application and proof, the court shall order that such bond be prosecuted."

One of the requirements necessary to confer the right in question, is that the sheriff shall have become liable for the escape, and if the proceedings upon the judgment recovered against him by the relators had not been stayed, the judgment would have established such liability, but, as has been shown, an order staying all proceedings thereon was in full force when the relators' application was made. Such stay was granted under a provision of law which pro-

vides that in case the party at whose suit any person shall have been confined to the liberties of a jail, shall refuse or neglect to take an assignment of the bond executed by such person on being admitted to such liberties, and shall prosecute the sheriff for the escape of such person, " the court in which such action shall be pending, shall, by rule, stay all proceedings upon the judgment against such sheriff, until he shall have had a reasonable time to prosecute the bond taken by him, and to collect the amount of any judgment he may recover thereon " (2 *Rev. Stat. p.* 436, § 59). The effect of the rule made under this provision is to qualify the sheriff's liability so far as to relieve him from the operation of the judgment so long as such stay of proceedings is in force. The provision of law first referred to, regulating the right to prosecute the sheriff's bond, contemplates an existing present liability on the part of the sheriff.

In requiring proof on the part of the applicant that no satisfaction for the sheriff's default or delinquency has been received, it is apparent that the right to demand satisfaction must exist. The stay of the relators' proceedings deprive them of that right in the present case.

If it were competent to sue the sheriff's official bond, the stay of proceedings would, by the judgment thereon, become ineffectual; for the relators might enforce that judgment, and thus in reality obtain satisfaction of the judgment in the original suit for the escape, in direct contravention of the statute, or at least the rule under it inhibiting the collection thereof.

The provisions of the different statutes above cited should be so construed as to give all of them full effect, and that can be done by holding that the sheriff, by reason of the stay of proceedings, was not chargeable with such a liability as to authorise a prosecution of his official bond during its continuance.

The order appealed from should therefore be reversed, with ten dollars costs of the appeal, and an order should be made vacating the original order, with ten dollars costs.